UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE PAYNE,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 13-cv-13561
Hon. Matthew F. Leitman

**<u>ORDER SUSTAINING PLAINTIFF'S OBJECTION (ECF #17); DECLINING TO ADOPT THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #16); GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #9); DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #13); AND REMANDING CASE FOR FURTHER PROCEEDINGS</u>**

In this action, Plaintiff Jesse Payne ("Payne") challenges the March 13, 2012, decision by Administrative Law Judge Paul W. Jones (the "ALJ") to deny Payne's applications for Social Security disability insurance benefits and supplemental security income. (*See* Compl., ECF #1.) Payne and Defendant Commissioner of Social Security (the "Commissioner") have filed cross-motions for summary judgment. (*See* Payne's Motion, ECF #9; Commissioner's Motion, ECF #13.) On August 14, 2014, the Magistrate Judge issued his Report and Recommendation (the "R&R") in which he recommended that this Court (1) uphold the ALJ's decision to deny benefits (the "ALJ's Decision"), (2) grant the

Commissioner's Motion, and (3) deny Payne's Motion. (*See* R&R at 17; Pg. ID. 374.)

Payne filed a timely objection to the R&R. (*See* the "Objection," ECF #17.) Payne asserts that he has a heart condition causes him to suffer two types of episodes: (1) "full neurocardiogenic syncope," in which he "pass[es] out" and "fall[s] down," and (2) "near neurocardiogenic syncope," in which his head hurts, he feels dizzy and nauseated, and his vision blurs. (*Id.* at 3-8; Pg. ID 378-83.) Payne argues in his Objection that the ALJ's Decision focused on his (Payne's) history of full syncopal episodes but failed to address Payne's history of near syncopal episodes. (*Id.* at 12; Pg. ID 387.) Payne contends that the Magistrate Judge then "engaged in impermissible *post hoc* rationalizations in reviewing the ALJ's [Decision], thus basing his conclusions not upon findings rendered by the ALJ but instead upon his own rationalizations for those findings." (*Id.* at 1; Pg. ID 376.) Payne also argues that the Magistrate Judge erred by affirming the portion of the ALJ's Decision that found Payne's testimony not credible as to the frequency and effect of the near syncopal episodes. (*Id.* at 12-13; Pg. ID 387-88.)

The Commissioner did not respond to the Objection within the time period provided in Local Rule 72.1(d)(3). Because the Court believed that "the Commissioner's response would facilitate the Court's review of this action," the Court ordered the Commissioner to respond to the Objection in writing by

September 23, 2014. (*See* Order to Respond, ECF #18.) The deadline for complying with the Order to Respond has passed, and the Commissioner still has not filed a response. The Commissioner has had multiple opportunities to submit arguments in opposition to Payne's Objection and has failed to do so. In light of the Commissioner's failure to respond, the Court will rule on the Objection without the benefit of the Commissioner's arguments.

The Court has conducted a de novo review of the portions of the R&R to which Payne has objected. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). Based on the current record, it does not appear that the ALJ appropriately considered the objective medical evidence and Payne's testimony regarding his near syncopal episodes. Indeed, Payne testified that approximately two to four times per week he is incapacitated by an "excruciating" headache and has to lie down "for generally upwards of an hour." (*See* Tr., ECF #7-2 at 57; Pg. ID 85.) Moreover, Payne's medical records appear to corroborate the nature and frequency of these episodes. (*See, e.g.*, Report of Dr. Edward C. Robles dated December 1, 2011, ECF #7-7 at 246; Pg. ID 279 (reporting "more near syncopal episodes over the last 3 weeks").) However, the ALJ did not specifically address these near syncopal episodes in evaluating Payne's residual functional capacity. (*See* ALJ's Decision, ECF #7-2 at 16-19; Pg. ID 44-47.)

Based on the current record, therefore, it is not clear that the ALJ fulfilled his obligation to "consider all evidence in the record." *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014) (citing 20 C.F.R. 404.1520(a)(3)). Although "an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party," *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)), in this case, Payne's near syncopal episodes were an essential component of his disability claim, and the ALJ's Decision does not reflect that the ALJ even implicitly took these episodes into account. The Court therefore remands this matter to the Commissioner for consideration of Payne's near syncopal episodes.

In taking this action, the Court expresses no opinion as to whether Payne is, in fact, disabled by his near syncopal episodes nor whether he is entitled to benefits. The Court holds only that the ALJ's Decision is inadequate because it is not clear that the ALJ considered Payne's near syncopal episodes. Accordingly, the Court **SUSTAINS** Payne's Objection (ECF #17) and **DECLINES TO ADOPT** the R&R (ECF #16). **IT IS HEREBY ORDERED** that Payne's Motion for Summary Judgment (ECF #9) is **GRANTED IN PART** (to the extent that it requests remanding the action for further proceedings) and **DENIED IN PART** (to the extent that it requests an immediate award of benefits). **IT IS FURTHER**

**ORDERED** that the Commissioner's Motion for Summary Judgment (ECF #13) is **DENIED**. Finally, **IT IS ORDERED** that this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Opinion and Order.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
