UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE PAYNE,

      Plaintiff,

                                 No. 13-13561
-vs-                            District Judge Matthew F. Leitman
                                 Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____ /

**REPORT AND RECOMMENDATION RE: ATTORNEY FEES [Doc. #21]**

      This is a Social Security Disability case brought under 42 U.S.C. § 405(g). On September 30, 2014 this Court entered judgment in favor of the Plaintiff, remanding the case for further administrative proceedings pursuant to Sentence Four of § 405(g) [Doc. #19-20]. Before the Court at this time is the Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #21] requesting fees of $7,800.61. For the reasons discussed below, I recommend the Motion be GRANTED IN PART, reducing Plaintiff's fees by $806.44 to $6,994.17. I also recommend that Plaintiff be awarded the filing fee in the amount of $400.00. 28 U.S.C. § 2412(a)(1).

### I. STANDARD OF REVIEW

      The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986).

Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

## II. ANALYSIS

Defendant Commissioner does not contest the present motion. Because Plaintiff secured a remand for further fact-finding, he is the "prevailing party." *Shalala, supra* at 301-302.

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

### Hourly Rate

Plaintiff's counsel argues that he is entitled an increase in hourly rate from the statutory rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). In *Bryant v. Commissioner*

*of Soc. Sec.* 578 F.3d 443, 450 (6th Cir. 2009) the Sixth Circuit held that it is the plaintiffs' burden to justify a rate above the statutory maximum and that they must produce evidence beyond the attorney's own affidavit:

> "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n. 11, 104 S.Ct. 1541."

Counsel claims a total of $7,800.61 for 41.50 hours of attorney work at the hourly rate of $187.13 for 28.25 hours of work performed in 2013, and $189.75 for 13.25 hours in 2014. He has provided a affidavit stating that he has been in practice for 18 years. *Plaintiff's Exhibit, Affidavit of Robert K. Gaecke,* ¶ 3. He states further that his regular non-contingent hourly rate is $240. *Id.* at ¶ 6. He has also provided statistics from the Department of Labor's Consumer Price Index ("CPI") supporting an hourly fee of $187.13 in 2013 and 189.75 in 2014, and a Michigan 2010 Economics of Law Practice Survey. *Id.* at ¶ 8; *Plaintiff's Exhibit, Docket #21-3* at 36-37. Together, Counsel's affidavit, the CPI, and the Survey support the requested hourly rates. *See Pizzo v. Commissioner of Social Sec.* 2014 WL 7157129, *5 (E.D.Mich. December 15, 2014)(affidavit, CPI, and Economics of Law Survey, considered in tandem, support request for $187.02 per hour); *see also Cowart v. Commissioner of Soc. Sec.*, 795 Fed.Supp.2d 667, 671 (E.D. Mich. 2011)("Given the effect of inflation since 1996

. . . $173.00 per hour is a reasonable rate for work performed from November, 2008 to June, 2010").

### Number of Hours

Plaintiff's counsel asks to be reimbursed for 41.5 hours. In *Glass*, *supra,* the Sixth Circuit stated that "twenty to thirty hours may well be the norm for attorneys to handle most [Social Security] cases...." 822 F.2d at 20. Counsel's claim for 41.5 hours is well over the norm. On one hand, the administrative record in this case was substantial, and counsel's motion for summary judgment was comprehensive. Nonetheless, the requested hours are not wholly reasonable. Counsel claims that he spent 7.25 hours preparing objections to the undersigned's Report and Recommendation. *Plaintiff's Exhibit, Affidavit of Robert K. Gaecke,* ¶ 3.

A review of Plaintiff's 15-page objections shows that page 2 (third paragraph) through the penultimate paragraph of page 11 is copied directly from page 1 through 10 of his motion for Summary Judgment.[1] *Compare Docket #9,* 1-10, *Docket #17,* 2-11. The actual "objections" consist of less than two pages. *Docket #17* at 11-13. Further, counsel's time sheet states that he had already spent 2.75 hours reviewing Defendant's motion for summary judgment and the Report before requiring an additional 7.25 hours to prepare and file the three-paragraph objection. *Gaecke Affidavit* at ¶ 3. While Plaintiff's motion for fees is

---

[1]Counsel did change the phrase "fell through," *Docket #9, Plaintiff's Brief* at 2, ¶ 1 to "terminated" in the objection. *Docket #17* at 2, ¶ 3.

unopposed, counsel's claim for 7.25 hours to write a three-paragraph objection is not reasonable. I therefore recommend that the time to prepare and file same should be reduced from 7.25 hours to 3 hours.

### Fees are Payable to Counsel

As is typical in Social Security appeals, Plaintiff has executed an assignment of EAJA fees to his attorney. *Plaintiff's Exhibit*, *Docket #21-2, Affidavit of Jesse Payne,* ¶ 3. While EAJA fees would otherwise be paid to the Plaintiff, *see Astrue v. Ratliff,* 560 U.S. 586, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the assignment permits payment directly to the attorney, with an offset for any preexisting federal debt owed by the Plaintiff. *See Cowart, supra.*, 795 Fed.Supp.2d at 671-72.

### Plaintiff is Entitled to the Filing Fee

In addition, Plaintiff requests an award of the filing fee in the amount of $400.00. Under EAJA, recovery of the filing fee is appropriate. See 28 U.S.C. § 2412(a)(1). As such, Plaintiff should be awarded a filing fee in the amount of $400.00.

### III.   CONCLUSION

For these reasons, I recommend the Motion be GRANTED IN PART, reducing Plaintiff's requested fees by $806.44 to $6,994.17.

I further recommend that no later than 14 days from the date of a final order granting this motion, the Commissioner will determine whether the Plaintiff owes the

Government a pre-existing debt. If no such debt is owed, then payment of the EAJA fees will be made directly to Plaintiff's attorney. If the Plaintiff does owe a pre-existing debt, the EAJA fees will be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney.

Finally, in addition to EAJA fees, I recommend that Plaintiff be awarded the filing fee in the amount of $400.00.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

/s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 14, 2015

Certificate of Service

I certify that a copy of this document was served upon parties of record on August 14, 2015 via electronic or postal mail.

/s/C. Ciesla
CASE MANAGER